Texas Court of Criminal Appeal
On Application For Writ of habeas Corpus In
8th District Court from Rains Co.
No. WR-83,765-01

Ex-Parte Matthew Scott McGrath

83,765-01

MOTION DISMISSED
DATE: 10-26-15
BY: _____ P.C.
RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

C

"Motion For Evidentiary hearing"

Come Now Applicant Matthew McGrath Pro-se Requesting the Court to grant "evidentiary hearing" at the earliest convenience as to Support as follows:

## District Court Duties

THE State had 15 days after service of Application July 22. 2015 to file Answer, due August 6, 2015. 11.07, Sec 3(b). "Within 20 days of expiration of time for state to answer, it shall be duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of Applicants confinement" due Aug 26, 2015. 11.07 Sec 3(c) "If convicting Court decides there are controverted, previously unresolved facts which are material to the legality of the applicants confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to Reply, due Sept 15. 2015 designating the issues to be resolved" 11.07, Sec 3(d). Once this order is issued entered, the trial court should resolve the issues. McCree v. Hampton, 824 S.W. 2d 578 (Tex Crim. App 1992), THE designation of issues suspends the time limits set out in 11.07. McCree, Supra. THERE is No Particular form for this order. It is Sufficient if the Court simply states "THE court Finds there are controverted previously unresolved facts material to the legality of Applicants, ie, whether he recieved ineffective assistance of Counsel.

Pg1

These issues shall be resolved by affidavits and an evidentiary hearing"

If no issues exist transmittal is required, along with Application, any answers filed, certificate reciting the date upon which that finding was made. 11.073(c). District Court issues findings of fact and conclusion of law which are transmitted to the Court of Criminal Appeal 11.07. Sec 3(c).

If ineffective assistance of counsel raised and rejected on direct because record isn't adequately developed, it may be relitigated on habeas Corpus, Exparte Torres, 943 S.W. 2d 469 (Tex. Crim App 1992).

Decision by trial Court to deny all Post-conviction Request from Applicant Prior to filing 11.07, should be, supplemented to the Record of Conviction, for the Court to Make Appropriate determination of Jurisdiction properly obtained and drawed up "Admonishments" of Applicants Open-plea, by the correct States Attorney office, See Motions Submitted Post-conviction See McGrath v State "Reply brief" 12-13-00128-CR Pg 3, 7.

Decision Whether Live Evidentiary Hearing is Necessary.

The 11.07 gives the trial Court leeway on how evidence is gathered on a Writ Application, On some issues, affidavits may be sufficient, However, on issues that involve a judgement concerning credibility, which Applicant raises, a live evidentiary hearing is preferable. On Some occasions, the Court of Criminal Appeals will order the trial court to conduct a live hearing, See Exparte Brown, 205 S.W 3d 538 (Tex Crim App)(C.C.A. Remanded for Rehearing).

Pg 2

Claims of ineffective assistance of counsel frequently require an evidentiary hearing. Where there's a dispute between the client and attorney over what occurred, the trial court is required to make a credibility determination that can best be made after a live hearing.

Gallego v. United States, 174 F.3d 1196 (11th Cir 1999) is particularly instructive on the question of judging credibility when counsel and the client disagree on factual questions. The issue in Gallego whether the defendant's counsel rendered (I.A.C.). In Gallego, the court stated "It is perfectly legitimate for the district court, to find based on all the evidence in the record, that a defendants testimony about his participation in a drug scheme is not credible. The magistrate Judge here, however, based the decision on the fact that the defendant's allegations were unsubstantiated and incorrectly found as a matter of law. the defendant could not carry his burden without presenting some evidence in addition to his own words, which is contrary to that of counsel's. The magistrate says nothing about internal consistency of the defendants testimony, or his candor or demeanor on the stand. Indeed the magistrate does not even state simply why the defendant's lawyer is the more credible witness in this case. There is nothing in the report to indicate the Magistrate weighed defendants credibility. Compare U.S. V. Camacho, 49 F3d 349 (11th Cir 1994) Court made specific findings of facts after a evidentiary hearing

Pg 3

regarding defendants credibility) cert. denied, 514 U.S. 1090 115 S.ct 1810, 131 L. Ed 2d 735 (1995) The fact that the defendants testimony is uncorroborated is not enough standing alone to support a credibility finding. Counsel's testimony was also unsubstantiated by other evidence.

While we appreciate the concerns enunciated in underwood, we cannot adopt a "per-se" credit counsel in case of conflict rule" which allows that in any case where the issues comes down to the "bare bone testimony" of the defendant against the contradictory testimony of counsel, defendant is going to lose every time. We therefore remand for a New evidentiary hearing.

The right to counsel is by far the most important of a defendants constitutional rights because it affects the ability of a defendant to assert a myriad of other rights. As Justice Sutherland explained in Powell v. Alabama, 287 U.S. 45, 53 S.ct 55, 77 L.Ed. 158 (1932) "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and some time no skill in the science of law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence

Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the dangers of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and therefore, of due process in the constitutional sense Id. at 68-69, 53 S Ct at 63-64

Prayer

"Wherefore premises Applicant Prays this court grant "Evidentiary hearing" due to information and allow Presence to be honored, and Appoint Post-Conviction Counsel

Respect Fully Submitted
Matthew McGrath 1852722
Beto Unit 1391 Fm 3328 Tenn Colony
Tx 75880    Matthew S. McGrath

Pg 5

## Certificate of Service

This is to Certify a true and Correct Copy of this Evidentiary hearing was Mailed to the District Court Clerk, or hand delived, On October 20, 2015, and was shared a Copy with Texas Court of Criminal Appeals. Clerk.

Respectfully Submitted
Matthew McGrath 1852772
Beto Unit 1391 Fm 3328
Tenn Colony Tx 75880
Matthew S. McGrath

## Attorney Endorsements

*disciplined by State licensing Authority.*

No endorsements

Endorsements from fellow lawyers are an important
consideration for many when selecting the right
attorney. Be the first to endorse your colleague!

Endorse this lawyer (/attorneys/75482-tx-roland-ferguson-245632/write_endorsement.html)

## Contact Info



1804 Woodbridge Dr
Sulphur Springs, TX, 75482-3637

Office (903) 335-8412 (tel:9033358412)

📞 Call (tel:9033358412)

## Resume

### License

State

Status

Acquired

Updated

TX

Eligible To Practice In Texas

1993

09/19/2015

### Professional Misconduct

⚠ This lawyer was disciplined by a state licensing authority.

**Public Reprimand**
issued in TX, 2013
updated on Mar 14, 2013

Public reprimand means an attorney did something wrong but may still
practice law. The State gives the lawyer a public reprimand in hopes
that he or she will not repeat the behavior. Details of the infraction are
made part of the public record.

*Represented - McGrath April 2013*
*Convinced to Sign open*
*"plea" without proper*
*explaining harm done*
*75 yr T.D.C.R.*

### Avvo Contributions

Legal Answers   0

Legal Guides   0

### Education